[Sac. No. 1034.   Department Two.—April 2, 1904.]

## ISAAC L. WEED. Respondent, v. FRANK M. REED et al., Appellants.

APPEAL—ORDER GRANTING NEW TRIAL—BILL OF EXCEPTIONS.—An order granting a new trial will not be reversed, for want of a proper showing of what papers were used upon the motion, where the record shows a bill of exceptions properly settled and allowed prior to the hearing of the motion, reciting service of the notice of motion, and the grounds relied upon, and that the motion would be made upon a bill of exceptions, and stating all of the evidence, with proper specifications of insufficiency of the evidence to sustain the recited findings. The recitals are sufficient to indicate that the bill was prepared to be used upon the motion, and to raise a presumption that it was so used.

ID.—NEW TRIAL TO PREVAILING PARTY—CONFLICTING EVIDENCE.—A general order granting a new trial to the prevailing party will not be disturbed upon appeal, where the findings are assailed for insufficiency of the evidence, and the record contains evidence which would have warranted a more favorable decision than that awarded to him under the findings and judgment, notwithstanding conflicting evidence to the contrary.

APPEAL from an order of the Superior Court of Nevada County granting a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

Thomas S. Ford, for Appellants.

Charles W. Kitts, and A. Burrows, for Respondent.

LORIGAN, J.—This action was brought to determine the conflicting claims of the parties to the appropriated waters of Slate Creek, in Nevada County, as also the right to the waters of certain springs flowing therein.

The court finds, among other things, that plaintiff was entitled during the irrigation season—from May to September of each year—to five miner's inches of water, measured under a six-inch pressure, of the waters of Slate Creek, and during the other months of the year to all the waters of such creek as his ditch would carry.

Plaintiff moved for a new trial upon the ground, among others, that the evidence was insufficient to sustain the finding that he was entitled to but five inches of water during the irrigation season.

A general order for a new trial was granted and defendants appeal.

Appellants contend, preliminarily, that the order granting a new trial should be reversed, because they insist that there is nothing in the record to show whether the motion was made and granted on a bill of exceptions, statement, or on the minutes of the court, or what moving papers were used upon the hearing of the motion.

The transcript, however, contains a bill of exceptions properly settled and allowed prior to the hearing of the motion, which bill recites the service of the notice of motion for a new trial, and the grounds to be relied upon in its support; that the motion would be made upon a bill of exceptions, and states in that connection that "the exceptions and proceedings taken upon which said party relies, are as follows:" and then proceeds to state all the evidence in the case, with specifications of the insufficiency of that evidence to sustain the recited findings. This bill was settled some ten days prior to the hearing of the motion. We think the recitals in the bill of exceptions clearly indicates that it was prepared to be used upon the motion for a new trial, and sufficiently raises a presumption that it was in fact used for the purpose for which it was intended.

Appellants contend, upon the merits, that the granting of the order was arbitrary and an abuse of discretion upon the part of the lower court. As a basis for this claim, they insist that the record shows that plaintiff, under the findings

and judgment, was awarded all that he claimed in the action, and hence there was nothing upon which a new trial in his behalf could be predicated. We cannot agree with this view. The record certainly discloses that plaintiff was not awarded the amount of water which he claimed, and the evidence upon the point alone (because several other matters were in controversy) as to how much water plaintiff had appropriated and was entitled to for irrigation purposes from May to September of each year was conflicting. There was evidence in the case upon which a finding in his favor for a larger quantity could be based. This being so, the rule applies that an order of the lower court granting a new trial generally, where one of the grounds of the motion is the insufficiency of the evidence to sustain the findings, will not be disturbed on appeal, if it appears from the record that there was evidence in the case which would have warranted a more favorable decision to the party moving.

The order granting the motion for a new trial is affirmed.

McFarland, J., and Henshaw, J., concurred.